[878 NYS2d 900]

In the Matter of JOSE R. MENDEZ, an Attorney, Resignor.

Second Department, May 19, 2009

---

**APPEARANCES OF COUNSEL**

*Nicholas C. Cooper*, New York City, for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Jose R. Mendez has submitted an affidavit dated November 25, 2008 wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Mendez was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on August 27, 1985.

Mr. Mendez avers that he is submitting his resignation freely and voluntarily and with a full awareness of the implications of its submission. He is not being subjected to coercion or duress.

Mr. Mendez is aware that the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is currently investigating six complaints of professional misconduct against him. In five of those complaints, it is alleged that he neglected his clients' interests in personal injury cases. The sixth complaint involves a litigated matter in which he allegedly engaged in fraudulent conduct by making false representations to the court that his client was entitled to a default judgment and by concealing relevant facts from the court. Mr. Mendez acknowledges his inability to successfully defend himself on the merits against charges predicated upon the professional misconduct under investigation.

Mr. Mendez is submitting his resignation subject to any application by the Grievance Committee for an order directing him to make restitution to and to reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges this Court's continuing jurisdiction to make such an order and is aware that any order issued pursuant to that statute could be entered as a civil judgment against him. Mr. Mendez specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Mr. Mendez's resignation inasmuch as it conforms to the requirements of 22 NYCRR 691.9.

The proffered resignation is accepted and, effective immediately, Jose R. Mendez is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and ENG, JJ., concur.

Ordered that the resignation of Jose R. Mendez is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jose R. Mendez is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jose R. Mendez shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jose R. Mendez is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jose R. Mendez has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).